Fred J. Munder, J.
This is an action to foreclose a real property mortgage which was given to secure a promissory note evidencing an indebtedness for the furnishing of goods and services for the alteration and improvement of the real property. The note is in the form prescribed by section 403 of the Personal Property Law relating to retail installment sales.
The transaction which gave rise to the indebtedness was a contract dated July 26, 1961 by the assignor, Colonial Dormer Corp. to make certain alterations in the defendants’ home at a total cost of $7,600. The plaintiff, a finance corporation, became interested in the transaction as the result of a credit application dated July 14,1961, and signed by the defendants which the contractor submitted ¡to it. When the work was completed the plaintiff participated actively in the preparation and execution of the papers evidencing the obligation.
The first of the sé papers was the retail installment obligation (Personal Property Law, § 401, subd. 7) which was dated October 13, 1961 and assigned on the same date to the plaintiff by the Colonial Doijmer Corp. This document on its reverse side contains conditions forming part thereof among which is one *265 which reads as follows: “ 3. Seller or its assigns may at any time receive from buyer a promissory note evidencing the indebtedness of buyer hereunder, and may further receive and record a real estate mortgage on the premises improved hereunder securing said note or this deligation, by the making and delivery of such note and/or mortgage shall in no event release buyer from buyer’s obligations hereunder. Seller and its assigns shall have the right to enforce one or more of the remedies hereunder, as well as under any promissory note evidencing the unpaid balance hereof, and as well as under the mortgage securing the said note and this obligation, successively and concurrently, and such action shall not operate to estop seller or its assigns from pursuing any further remedy which they may have according to law. Any action to enforce payment shall not waive or effect any of the holder’s rights hereunder, or under any promissory note or mortgage indebtedness given pursuant to this agreement.”
The defendants signed a printed form called a completion certificate dated October 16, 1961 and addressed to the plaintiff in which they purport to induce the plaintiff to accept an assignment of the retail installment obligation and the papers hereunder. Also dated on October 16, 1961 are a promissory note, in the form prescribed in section 403 of the Personal Property Law; a mortgage covering the defendants’ real property, which recites that it is given “ to better secure the payment of said note or obligation ’ ’; and the assignment of the mortgage by Colonial Dormer Corp. to the plaintiff.
After making two payments of $183.12 each, the defendants defaulted and this action to foreclose the mortgage was instituted. The defenses interposed are a partial failure of consideration, usury, fraud and misrepresentation. Whether or not any of these defenses has been established depends on the legal effect of the acts of the parties.
Ostensibly this was a retail installment sale of material and labor in the improvement of real property by the contractor to the defendants with a subsequent assignment of the obligation to the plaintiff. If this be true, the fact that the time selling price is greater than the cash price would not make the transaction usurious. The usury statute (General Business Law, §§ 370, 371) applies only to. loans or forbearance of money (Meaker v. Fiero, 145 N. Y. 165).
Here, then, we are concerned with whether this was a home improvement loan or whether it was in fact a retail installment sale. The different dates on the retail installment obligation and the other papers evidencing the debt, whatever the purpose, are without significance for I find that all the documents were *266 executed by the defendants on the same day, on the plaintiff’s specially prepared forms in the plaintiff’s presence and, in fact, at the plaintiff’s direction. Before any work was started, even before the contractor entered into the contract to do the work, the plaintiff had approved the defendants’ application for credit. The original contract of July 14,1961 made no reference to a retail installment sale, its only reference to delayed payment was through an F. H. A. loan. The subsequent agreement, after the work was completed, was to make the transaction appear to have been a retail installment sale under the Personal Property Law. Whatever may have been the intention of the plaintiff and the contractor at the initiation of the work I do not find that the defendants then had any intention to enter into a .retail installment sale contract under the terms of the Personal Property Law or that any such plan or terms were explained or even expressed to them.
In these circumstances I conclude that this was actually a loan by the plaintiff to the defendants however it was cloaked. As such it is subject to the usury statute and because the credit charge made greatly exceeds the interest rate allowed the transaction is void.
It may not be amiss to note that Governor Harriman in his approval message on the bill which added the retail installment sale provisions to the Personal Property Law said that it, with five other bills simultaneously enacted, “ mark[ed] one of the greatest advances in the history of the State in the field of consumer protection ”.
. There would be little “consumer protection” in permitting a lending institution to subvert this law to its advantage by simply masking a loan as a sale, as if the contractor had originally extended the credit and later assigned the obligation to the finance company. What the plaintiff did here was the same-as would be done by any lending agency in the processing of a Federal Housing Administration home improvement loan, even to the extent of work progress inspection.
I conclude, therefore, that the mortgage sought to be foreclosed is usurious and void and that the complaint should be and is dismissed, with costs.