■ HAMLA CORP., Appellant, v. ARNOLD FOWLER et al., Respondents, et al., Defendants.— In an action to foreclose a mortgage on real property given to secure a promissory note in the form prescribed by the statute (Personal Property Law, § 403) relating to retail instalment sales, plaintiff appeals from a judgment of the Supreme Court, Suffolk County, entered January 16, 1964 after a nonjury trial, upon the court's decision dismissing the complaint. Judgment reversed on the law and the facts, without costs, and action remitted to the Special Term for the purpose of making and entering an appropriate judgment in the plaintiff's favor as demanded in the complaint, and for further proceedings not inconsistent herewith. Findings of fact contained or implicit in the decision of the court below, insofar as they may be inconsistent herewith, are reversed, and new findings are made as indicated herein. The complaint was dismissed at Special Term on the ground that the transaction constituted a loan at a usurious rate of interest, and not a retail instalment sale made in conformity with the recently enacted statute (Personal Property Law, art. 10 [Retail Instalment Sales Act]). We find that the transaction was one made in good faith and completely in conformity with the statute (Personal Property Law, art. 10 [Retail Instalment Sales Act]). The instalment contract, note and mortgage made between the homeowners (defendants Fowler) and the contractor (Colonial Dormer Corp.) were all executed in accordance with the act, as were the assignments thereof by the contractor to the plaintiff, a licensed finance company. There is nothing of significance to show lack of good faith in the contractor's inquiry of the plaintiff as to whether the plaintiff would approve the homeowners' credit; nor in the making of a cash-basis contract by the contractor and the homeowners as of the date of the commencement of work. Upon completion, that contract was superseded by the statutory retail instalment contract which was executed upon forms supplied by the plaintiff. From the very inception of the transaction the contractor had anticipated that the homeowners' obligation would be assigned to the plaintiff. The homeowners knew the nature of the instruments they signed; the principal and the service charges were segregated; and prior to default, they had paid some of the monthly instalments due under such instruments. It should be noted that neither the method of computation of the service charge, nor its conformity with section 404 of the act, nor the consequent penalty for nonconformity was placed in issue. Ughetta, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur. [42 Misc 2d 264.]